UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62572-CIV-COHN

MATTHEW IRVIN,

      Plaintiff,

v.

KHALED KHALED and
WE THE BEST
MUSIC GROUP,

      Defendants.

_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff Matthew Irvin's pro se Complaint

[DE 1] and his Application to Proceed in District Court Without Prepaying Fees or Costs

[DE 3] ("Application").  The Court has carefully reviewed the Complaint and Application

and is otherwise fully advised in the premises.

Before considering Plaintiff's Application, the Court must conduct a screening

in accordance with 28 U.S.C. § 1915(e)(2).  As relevant here, the Court is required to

dismiss the Complaint upon finding that it is frivolous or malicious or that it fails to

state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A complaint is "frivolous" under § 1915(e)(2)(B)(i) "where it lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissals for

failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as

dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).  Although pro se pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), a pro se complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Plaintiff's Complaint is titled "Fraud (18 U.S. Code § 1031[)]," referencing a criminal statute that prohibits major fraud against the United States.  DE 1 at 1; see 18 U.S.C. § 1031.  The body of the Complaint—totaling one sentence—is difficult to comprehend.  It appears to claim that one Defendant engaged in criminal fraud by using Plaintiff's personal information in a contract without his consent.  See DE 1 at 1. Yet Plaintiff offers no other information about this alleged act, nor does he explain how it could establish a legal ground for relief in this civil action.

2

Even construed liberally, Plaintiff's Complaint lacks an arguable factual or legal basis, and it does not come close to stating a claim for relief against any Defendant. For these reasons, the Complaint must be dismissed for frivolousness and failure to state a claim.  Although courts "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), an action may be dismissed with prejudice "if a more carefully drafted complaint could not state a claim."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted).  Plaintiff's claim here is legally groundless, and no amount of re-drafting could cure that defect. The Court therefore finds that dismissal with prejudice is appropriate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.     Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint [DE 1] is

**DISMISSED WITH PREJUDICE**;

2.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs [DE 3] is **DENIED**; and

3.     The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Matthew Irvin, pro se
2407 NW 4 Ct
Pompano Beach, FL 33069